24CA0108 Peo v Green 07-02-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0108
Douglas County District Court No. 22CR1094
Honorable Jane A. Tidball, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael L. Green,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE HARRIS
Tow and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 2, 2026

---

Philip J. Weiser, Attorney General, Cata A. Cuneo, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kevin M. Whitfield, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Michael L. Green, was convicted of felony theft based on a jury's finding that he and a co-defendant stole merchandise valued at more than $2,000 from a retail store. *See* § 18-4-401(1)(a), (2)(f), C.R.S. 2025.

¶ 2 On appeal, he contends that the evidence was insufficient to support his felony conviction and that the trial court erred by rejecting his tendered jury instructions on valuation, in responding to the jury's questions during deliberations, and by denying his motion for a bill of particulars. A division of this court addressed and rejected most of these arguments in the co-defendant's prior appeal. *See People v. Bolden*, 2026 COA 17. Because we adopt the *Bolden* division's analysis and also reject Green's separate contentions, we affirm.

## I. Sufficiency of the Evidence

¶ 3 Green does not dispute that he committed theft — i.e., that he took "thing[s] of value" from the retail store without authorization and with the intent to permanently deprive the retailer "of the use or benefit of the thing[s] of value." § 18-4-401(1)(a). But he says that the prosecution failed to meet its burden to prove beyond a reasonable doubt that the stolen merchandise had a value of at

1

least $2,000, the amount that elevates theft from a misdemeanor to a felony. *See* § 18-4-401(2)(e)-(f) (theft is a class 1 misdemeanor if the value of the stolen items is $1,000 or more but less than $2,000 and a class 6 felony if the value of the items is $2,000 or more but less than $5,000); *see also People v. Vidauri*, 2021 CO 25, ¶ 14 (prosecution must prove value of stolen items beyond a reasonable doubt).

¶ 4     To prove value, the prosecution must present competent evidence of the reasonable market value of the item at the time of the theft. *People v. Jaeb*, 2018 COA 179, ¶ 40. "Market value is what a willing buyer will pay in cash to the true owner for the stolen items." *Id.*

¶ 5     Green argues that the evidence was insufficient because, at the time of the theft, some of the stolen items were on a temporary sale, so the value of the items was only $1,856.19. But this argument relies on the premise that "the fair market value of stolen retail merchandise is its discounted sale price, not its full retail price," which the *Bolden* division considered and rejected in the co-defendant's appeal. *Bolden*, ¶ 5.

¶ 6     In doing so, the division concluded that "price does not definitively establish value in retail theft cases." *Id.* at ¶ 6. Instead, as the division explained, the price of an item (whether regular retail price or discounted sale price) is prima facie evidence of value, but it is not dispositive because it can be rebutted by the opposing party's evidence. *Id.* at ¶ 7. And the division noted that where parties present competing evidence of value, the weight to be given to either side's evidence is a question for the jury. *Id.* at ¶ 16.

¶ 7     We agree with the *Bolden* division's analysis and adopt it to resolve Green's argument.

¶ 8     At trial, the prosecution presented evidence that the regular retail price of the items was $2,094.98, while Green and his co-defendant presented evidence that the discounted sale price was $1,856.19. Thus, "[o]n this record, 'a jury could reasonably find th[e] [regular retail] prices indicative of value or reasonably reject them as indicative of value.'" *Id.* at ¶ 17 (quoting *State v. Dillard*, 490 P.3d 176, 179 (Or. Ct. App. 2021)). "And '[w]here reasonable minds could differ, the evidence is sufficient to sustain a conviction.'" *Id.* (quoting *People v. Carlson*, 72 P.3d 411, 416 (Colo. App. 2003)).

## II.    Jury Instructions

¶ 9     Green tendered two instructions concerning valuation of the stolen merchandise. The first provided that

> [t]he value of items which are stolen is their reasonable market value at the time of the taking. The reasonable market value is the amount a willing buyer would pay to the true owner for the stolen item(s) at the time of the commission of the alleged offense.

The second, based on section 18-4-414(1), C.R.S. 2025,[1] provided that

> [t]o determine the value of the items involved, you may consider evidence offered to prove value, which may include, but shall not be limited to, testimony regarding affixed labels and tags, signs, shelf tags, notices, or other reliable evidence of the sales price.

The court declined to give either instruction.

¶ 10    On appeal, Green contends that the instructions were necessary to inform the jury of "what price legally constituted 'value'" and "what evidence was relevant to establish . . . value."

---

[1] Section 18-4-414(1), C.R.S. 2025, provides that, "[w]hen theft occurs from a store, evidence of the retail value of the thing involved shall be prima facie evidence of the value of the thing involved. Evidence offered to prove retail value may include, but shall not be limited to, affixed labels and tags, signs, shelf tags, and notices."

¶ 11    The *Bolden* division rejected similar arguments raised by Green's co-defendant, and we see no reason to depart from its analysis.

¶ 12    First, as explained, the premise of Green's argument is flawed. Neither the regular retail price nor the discounted sale price constituted the "legal" value of the stolen merchandise. Rather, the price of an item at the time of the theft is "merely some evidence of value." *Bolden*, ¶ 35.

¶ 13    Second, neither instruction was necessary. As the *Bolden* division explained, "[t]here was no real dispute about the correct *measure* of value" at trial — "[b]oth sides presented evidence of . . . fair market value . . . on the date of the theft." *Id.* at ¶ 36. The dispute centered on how to apply the correct measure — that is, whether the regular retail price or the discounted sale price was more indicative of fair market value. *Id.* Thus, "[a]n instruction defining value as 'reasonable market value' would not have helped the jury determine whether the items were worth $2,094.98 or $1,856.19." *Id.* And an instruction that labels, tags, and signs were reliable evidence of value would not have helped Green when (unlike the retailer) he did not introduce any evidence of the items'

value through labels, tags, or signs. The discounted sale prices were introduced through two documents the retailer provided in response to a defense subpoena.

¶ 14 Third, because the theft instruction tracked the statutory language and "value" is not a technical term, we cannot say that the trial court abused its discretion by declining to provide a definition, particularly a definition taken from case law. *See Garcia v. People*, 2023 CO 30, ¶¶ 18-21 (trial court did not err by declining to define "universal malice" using language from case law because the term is not a technical term); *Bolden*, ¶ 37.

### III. Jury Deliberation Questions

¶ 15 Green was arrested about a month after the theft. At trial, the retailer's loss prevention manager testified that because the stolen items were not recovered, she used the store's security camera footage, which showed Green and his co-defendant placing merchandise in their shopping carts, to identify some of the stolen items. The manager explained that the carts were "[v]ery full of merchandise," but she could not see all of the items because some were "covered by the other stuff," so she only identified and provided pricing information for fifteen items.

¶ 16    During deliberations, the jury first asked if it could "consider the unidentified items in the cart as circumstantial evidence." Green wanted the court to say "no," but the court instead responded, "During the trial, you received all of the evidence and instructions that you may properly consider in deciding this case." Later, the jury asked if it could "consider [the] wholesale price of items taken." This time, Green wanted the court to say "yes," but the court reiterated its response to the first question.

¶ 17    Green contends that the court reversibly erred by directing the jury back to the instructions.

¶ 18    When a jury asks a question during deliberations, an additional instruction is "often appropriate" unless (1) "the jurors can be adequately informed by directing their attention" to the original instructions; (2) the question "concerns matters not in evidence or does not pertain to the law of the case"; or (3) the question "would call upon the judge to express an opinion upon factual matters that the jury should determine." *People v. Frye*, 2014 COA 141, ¶ 26 (citation omitted).

¶ 19    In this case, the original instructions adequately answered both questions. *See Sanchez v. People*, 820 P.2d 1103, 1107 (Colo.

1991) ("When the answer to a jury's question is contained in the initial jury instructions, a trial court does not err by directing the jury's attention to those instructions."). Instruction No. 16, the special interrogatory that linked to the elemental instruction, informed the jury that the prosecution had the burden "to prove the value of the thing involved beyond a reasonable doubt." And Instruction No. 5 explained that the jury could find Green guilty only if it found "from the evidence" that "each and every element of a crime has been proven beyond a reasonable doubt." No evidence was presented concerning the value of the unidentified items or the wholesale value of the identified items. Thus, by referring the jury back to the instructions and clarifying that it had received all the evidence in the case, the court adequately advised the jury that its verdict (including valuation) had to be based only on the evidence presented at trial.

¶ 20     Moreover, if the court had given Green's proposed responses — "no," the jury could not consider the unidentified items as "circumstantial evidence," and "yes," it could consider the wholesale price of the items — the court would have effectively "express[ed] an opinion upon factual matters." *Frye*, ¶ 26 (citation omitted). Those

8

responses would have constituted a direct comment on the evidence presented at trial — i.e., a pronouncement by the court that the prosecution had not presented evidence of the value of the unidentified merchandise but that it had presented evidence of the wholesale value of the stolen items. *See People v. Mascarenas*, 972 P.2d 717, 724 (Colo. App. 1998) (trial court properly referred the jury back to original instructions where further instruction "could have amounted to an expression of opinion by the court on a matter that was properly determinable by the jury").

¶ 21　　Though there might have been other reasonable responses to the jury's questions, we cannot conclude that the court's responses were manifestly arbitrary, unreasonable, or unfair, particularly when Green did not offer any alternatives beyond "no" and "yes." *See People v. Lopez*, 2024 COA 26, ¶ 37 (in reviewing the trial court's response to a jury question, "we ask not whether we would have made a different decision but, rather, whether the trial court's decision fell within the range of reasonable options"), *aff'd*, 2026 CO 23.

## IV.  Bill of Particulars

¶ 22   Green contends that the court committed reversible error by denying his motion for a bill of particulars.

¶ 23   A bill of particulars provides additional details of the charges when the charging instrument, though legally sufficient, lacks the specificity necessary for the defendant to prepare a defense.  *See People v. Vigil*, 2015 COA 88M, ¶ 29, *aff'd*, 2019 CO 105.  In a theft case, when the charging instrument merely tracks the statutory language, a defendant is ordinarily entitled to a bill of particulars.  *See* § 18-4-401(6).  However, when the defendant "can obtain adequate information through the charging document, preliminary hearing, and discovery process, a bill of particulars is not necessary."  *People v. Pineda*, 40 P.3d 60, 66 (Colo. App. 2001).

¶ 24   Here, the affidavit for an arrest warrant specified the date and time of the offense, listed the fifteen stolen items and their regular retail price, and identified potential witnesses including the retailer's loss prevention manager.  Additionally, at the preliminary hearing, the prosecution introduced security camera footage showing Green and his co-defendant engaged in the conduct that formed the basis of the charges.

¶ 25    Nonetheless, Green insists that a bill of particulars was necessary to "prepare for a case where the prosecution elicited information about unidentified items." True, the loss prevention manager noted at trial that Green and the co-defendant had unidentifiable items in their shopping carts. But the purpose of a bill of particulars is to provide additional details about the charged conduct, and the charges were not based on the unidentifiable items. In any event, Green does not explain how the prosecution could have provided additional information about unidentifiable merchandise.

¶ 26    Because a bill of particulars was not necessary, the court did not abuse its discretion by denying Green's motion. *See People v. Quintano*, 81 P.3d 1093, 1096-97 (Colo. App. 2003), *aff'd*, 105 P.3d 585 (Colo. 2005).

## V.    Cumulative Error

¶ 27    We discern no errors and, therefore, Green is not entitled to relief under the cumulative error doctrine. *See Howard-Walker v. People*, 2019 CO 69, ¶ 25 (reversal based on cumulative error requires the reviewing court to "identify multiple errors that collectively prejudice[d] the [defendant's] substantial rights").

11

## VI.    Disposition

¶ 28    The judgment of conviction is affirmed.

JUDGE TOW and JUDGE BROWN concur.